UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21785-CIV-LENARD/TURNOFF

**HERENGRACHT GROUP LLC,**

    Plaintiff,

v.

**INTELLIGENT PRODUCTS, INC. et al.,**

    Defendants.
_____/

## ORDER ADOPTING ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 42) AND GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT (D.E. 17)

**THIS CAUSE** is before the Court on the Order and Recommendation of the Magistrate Judge ("Report," D.E. 42), issued on November 19, 2010, which recommends the Court grant Defendants Intelligent Products, Inc., and Mutt Mitt , Inc.'s Motion to Dismiss pursuant to Rules 9(b) and 12(b)(6) ("Motion to Dismiss," D.E. 17), filed on August 16, 2010.[1]  Relator Herengracht Group LLC ("Relator") filed objections to the Report ("Objections," D.E. 45), on December 6, 2010.  Defendants filed their response to the Objections ("Response," D.E. 46), on December 15, 2010.  Having considered the Report, Objections, Response, related pleadings, and the record, the Court finds as follows.

---

[1] Plaintiff filed its response in opposition to the Motion to Dismiss on September 1, 2010, to which Defendants filed a reply on September 10, 2010.  (See D.E. 21, 24.)  The Magistrate Judge held a hearing on the matter on October 19, 2010.  (See D.E. 35.)

I. **Background**[2]

This is a *qui tam* action brought pursuant to 35 U.S.C. § 292(a) for Defendants alleged false patent marking. Plaintiff's First Amended Complaint ("Complaint," D.E. 15) alleges that Defendants falsely marked Mutt Mitt products, including the Mutt Mitt Disposable Pick Up Tool disposable pet waste bags, with an expired patent in order to deceive the public. Plaintiff alleges various facts it suggests demonstrate Defendants knew the patent had expired and they intended to deceive the public. First, Plaintiff alleges Defendant Intelligent Products, Inc. has been involved with the patent, Patent No. 4,768,818 (the "Patent"), since 1983 and was aware that the Patent would expire on September 6, 2008. (Complaint at ¶ 19.) Plaintiff also alleges Defendants have been required to periodically pay maintenance fees on the Patent. (Id. at ¶ 20.) Thus, as a matter of Defendants' "accounting and budgeting," Defendants knew or should have known that the Patent was expired. (Id.) Second, the Complaint alleges Defendants "are sophisticated companies, experienced with leveraging patents and other intellectual property." (Id. at ¶¶ 21, 37 ("Defendants are sophisticated companies . . . and [know] that patents expire (i.e., that they do not have an indefinite duration)".) Plaintiff alleges that given Intelligent Products, Inc.'s "experience in creating, maintaining, and using patents and other intellectual property," it knew that it was falsely representing that the Mutt Mitt products were covered by the expired patents. (Id.) Third, the Complaint alleges that because Defendants' products have a copyright mark of 2009,

---

[2] The following facts are gleaned from Plaintiff's First Amended Complaint (D.E. 15), filed on July 28, 2010, and are deemed to be true for purposes of this motion.

2

Defendants contemplated, reviewed, authored, created, and approved the contents of the packaging/labels and purposefully chose to mark the products with an expired patent as early as 2009. (Id. at ¶ 30.) Plaintiff alleges generally that the false mark, combined with Defendants' knowledge of the false mark, creates a presumption of an intent to deceive and Defendants acted in order to deceive consumers, potential competitors, and the general public. (Id. at ¶¶ 40-42.) As a result, the Complaint alleges that Defendants "intend and have intended to deceive the public by falsely marking the Mutt Mitt Products in the manner described." (Id. at ¶ 22.) Accordingly, Plaintiff seeks civil monetary fines, punitive damages, attorney's fees, and an injunction preventing Defendants from falsely marking their products in the future.

On August 16, 2010, Defendants filed their Motion to Dismiss, seeking to dismiss the Complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Defendants contend Rule 9(b)'s heightened pleading standard applies to false marking claims and Plaintiff has failed to allege any facts indicating Defendants intended to deceive the public through the marking of their products. The matter was referred to the Magistrate Judge who held a hearing on October 19, 2010, and issued his Report on November 19, 2010. (See D.E. 22, 35, 42.)

**II.    Report and Objections**

After noting some confusion among the courts as to whether to apply Rule 9(b) to false marking claims, the Magistrate Judge found Plaintiff failed to adequately set forth the

3

element of an "intent to deceive the public" under either standard. (See Report at 6.) The Magistrate Judge found that Plaintiff's general allegations pertaining to Defendants' sophistication, experience with the Patent, and/or knowledge and experience of patents and intellectual property in general, were insufficient to plead an intent to deceive. Thus, the Report recommends dismissal.

Plaintiff objects on the grounds that it believes deceptive intent may be alleged generally and the Magistrate Judge "required more specificity than is necessary." (Objections at 2.) Moreover, Plaintiff objects to the Report in that it does not grant leave to file an amended complaint. (Id. at 3.) Plaintiff contends that it requested leave to amend in its response in opposition to the Motion to Dismiss. (See D.E. 21 at 10 n.3.) Thus, Plaintiff urges the Court to permit an opportunity to amend its complaint should it decide to adopt the Report. (Objections at 3-4.)

In response, Defendants argue the Magistrate Judge properly deemed insufficient Plaintiff's allegations of an intent to deceive. Defendants also argue that the Magistrate Judge properly refused leave to amend where Plaintiff (a) failed to file a motion to amend (and instead requested leave in a foonote) and (b) failed to attach a proposed amendment. (Response at 4.)

**III.   Standard of Review**

Upon receipt of the Report and Plaintiff's Objections, the Court must now "make a de novo determination of those portions of the report or specified proposed findings or

4

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007).

Pursuant to Federal Rule of Civil Procedure 12(b), a defendant may move for dismissal of a claim based on one or more of seven specific defenses, including failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Ala., 30 F.3d 117, 120 (11th Cir. 1994). In reviewing a motion to dismiss, the Court accepts the facts alleged in the Complaint as true, and construes all reasonable inferences therefrom in the light most favorable to Plaintiffs. Bank v. Pitt, 928 F.2d 1108, 1109 (11th Cir. 1991). Finally, to survive a motion under Rule 12(b)(6), a claim need not contain detailed factual allegations, but must provide sufficient grounds to show more than a merely speculative entitlement to relief. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231-32 (11th Cir. 2000). Wholly conclusory allegations are not enough. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288-89 (11th Cir. 2010).

5

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In order to satisfy Rule 9(b)'s particularity requirement, a complaint must set forth sets forth "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." Hopper v. Solvay Pharms., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009) (internal citations omitted).

**IV.   Discussion**

The false marking statute, 35 U.S.C. § 292(a), prohibits the false marking of a product with a patent "for the purpose of deceiving the public." Thus, a claim for false marking requires a plaintiff to demonstrate: (1) the marking of an unpatented article; (2) with an intent to deceive the public. See Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009). "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) (citing Seven Cases of Eckman's Alterative v. United States, 239 U.S. 510, 517-18 (1916)). Only the second prong is at issue in this case.

On March 15, 2011, the Federal Circuit clarified the standard for deciding false

6

marking cases with its decision in In re BP Lubricants USA Inc., 2011 WL 873147 (Mar. 15, 2011).[3] In BP Lubricants, the relator brought suit alleging the defendant falsely marked its motor oil containers with an expired patent. The relator alleged an intent to deceive the public based upon the defendant's sophistication and experience with patents, as well as the fact that they knew or should have known that the patents had expired. The defendant moved to dismiss the claims based upon a failure to meet the requirements of Rule 9(b). Citing Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009), the district court determined the relator had sufficiently pled an intent to deceive and denied the defendant's motion to dismiss. The defendant subsequently petitioned the Federal Circuit for a writ of mandamus. The Federal Circuit granted the writ of mandamus in part and directed the district court to dismiss the complaint with leave to amend.

First, the Federal Circuit in BP Lubricants held that Rule 9(b)'s particularity requirement applies to false marking claims. Comparing False Claims Act claims and false marking claims brought under § 292, the court stated that "Rule 9(b)'s gatekeeping function is also necessary to assure that only viable § 292 claims reach discovery and adjudication." BP Lubricants, 2011 WL 873147 at *2. Second, the court in BP Lubricants held that "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the

---

[3] The Federal Circuit possesses exclusive jurisdiction over appeals of a final decision of a federal district court in patent law cases. See 28 U.S.C. § 1295(a); Chem. Eng'g Corp. v. Marlo, Inc., 754 F.2d 331, 333 (Fed. Cir. 1984).

patent expired." Id. at *1.

Based upon BP Lubricants and Rule 9(b)'s heightened pleading standard, the Court finds Plaintiff fails to sufficiently allege facts supporting an intent to deceive. As in BP Lubricants, this case involves very generalized allegations. Plaintiff alleges that Defendants knew or should have known the Patent expired because of their own accounting and budgeting process. Plaintiff also relies upon Defendants' sophisticated nature and assertions that Intelligent Products, Inc. in particular has experience with patents, as proof they knew or should have known the Patent expired. Finally, Plaintiff asserts that the products' packaging contains a 2009 copyright date, and therefore Defendants must have been aware of the Patent's expiration. Relying upon Pequignot v. Solo Cup Co., 608 F.3d 1356, 1362-63 (Fed. Cir. 2010), Plaintiff argues the combination of the false mark and Defendants' knowledge of the false mark creates a presumption of an intent to deceive the public. Nevertheless, Plaintiff has not offered anything beyond conclusory allegations showing that Defendants knew the Patent expired or that they intended to deceive the public by falsely marking their products. The allegations contained in the Complaint are nearly identical to those raised in BP Lubricants and many other false marking cases. See e.g., Herengracht Group LLC v. W.M. Wrigley Jr. Co, Case No. 10-21784-ASG (S.D. Fla. Sept. 16, 2010); Simonian v. Edgecraft Corp., 2010 WL 3781262 (N.D. Ill. Sept. 20, 2010). The bar for proving deceptive intent in false marking case is "particularly high" and requires relators to show "a purpose of deceit, rather than simply knowledge that a statement is false." BP

Lubricants, 2011 WL 873147 at *4. Plaintiff has not alleged any facts demonstrating even mere knowledge that the marking was false. Accordingly, Plaintiff's Complaint must be dismissed.

Plaintiff objects that the Report does not provide leave to file an amended complaint. Plaintiff's request for leave to amend is buried in a footnote in its opposition to the Motion to Dismiss. The footnote states, "[i]n the event that the Court sees fit to grant Defendant's Motion with respect to any of Herengracht's claims, Herengracht respectfully requests that it be without prejudice, and that Plaintiff be afforded the opportunity to amend." (D.E. 21 at 10 n.3.) Plaintiff never filed a motion seeking leave to amend. More importantly, Plaintiff never attaches an amended complaint or even suggests how amendment would not be futile. Nevertheless, the Court finds Plaintiff should be given an opportunity to demonstrate how amendment furthers the interests of justice and would cure the deficiencies outlined above. Accordingly it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Order and Recommendation of the Magistrate Judge (D.E. 42), issued on November 19, 2010, is **ADOPTED;**

2. Defendants' Motion to Dismiss (D.E. 17) is **GRANTED** and Plaintiff's First Amended Complaint (D.E. 15) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure;

3. Plaintiff is given leave to file a motion for leave to file a second amended

complaint on or before March 30, 2011.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of March, 2011.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**